UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILFREDO VIERA,

         Petitioner,

      v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

         Respondents.

Case No. 2:26-cv-1362-KCD-DNF

_____/

## **ORDER**

Petitioner Wilfredo Viera is a Cuban citizen with a final order of removal. His path to that order runs through a string of criminal convictions. (Doc. 7-1 at 2-3.)[1] After spending nearly a decade living in the community under an order of supervision, Viera was returned to immigration custody on October 27, 2025. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, asking this Court to order his immediate release.

Viera argues that his continued detention violates the Fifth Amendment's Due Process Clause as interpreted by the Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678 (2001). (Docs. 1, 1-1.) Respondents oppose the petition. (Doc. 7.) For the reasons below, Viera is correct.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his

2

removal. 533 U.S. at 699. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Viera satisfies the initial temporal requirement. ICE took him into custody nearly seven months ago. Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Viera has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal. He does so by pointing to a stubborn diplomatic reality: he is a citizen of Cuba, and Cuba is currently embroiled in political conflict with the United States. And though the Government told Viera that it plans to remove him to Mexico, no plans have materialized. (*See* Docs. 1-1, 7-1.) Indeed, the Government has had

many years to deport Viera, and it has failed. This is more than enough reason to believe his removal is nowhere in sight.

The burden thus shifts to the Government to rebut Viera's showing, but they fail to do so. *Akinwale*, 287 F.3d at 1052. This outcome should come as no surprise—the record offers no documents, no diplomatic agreements, and no concrete evidence that Viera will be removed in the near future. (Doc. 7.) Instead, the Government extends hope and a placeholder. It relays an assertion from ICE that the agency is working towards executing a third-country removal to Mexico. But the Government readily admits it has not a single document to support this representation. (*Id.* at 4 n.1.) That is not how a burden of proof works. A mere representation from an agency to its lawyers—unbacked by a shred of evidence—cannot justify keeping a man locked in a cell. Because the Government offers nothing to suggest removal to Mexico, or anywhere else, is more likely now than it was decades ago, Viera must be released.

It is easy to see why this outcome might cause unease. Viera is a convicted criminal. Yet, because the Government is completely unable to effectuate his removal, he has been allowed to live in this country for decades without facing the ultimate immigration consequence. But this Court is bound by the law. And the law is clear: the Government cannot lock individuals in a cell indefinitely as a workaround for a stalled deportation

4

process, nor can it use indefinite detention simply to placate popular opinion. *Zadvydas*, 533 U.S. at 659. The Constitution cannot be ignored just because the facts are frustrating. If there is a flaw in a system that leaves convicted criminals in a state of perpetual immigration limbo, the remedy lies in the halls of Congress or with the Executive branch—not with a federal judge.

### III. Conclusion

Because the Government cannot show any real prospect of deportation, the Court finds no significant likelihood that Viera will be removed in the reasonably foreseeable future. He is therefore entitled to release from ICE custody under *Zadvydas*. But that release is not a free pass—he remains subject to the strict conditions of his prior order of supervision. To the extent Viera raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Wilfredo Viera from custody within 48 hours of this Order under the prior conditions of supervision, which Petitioner must continue to comply with.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ORDERED** in Fort Myers, Florida on May 21, 2026.

Kyle C. Dudek
United States District Judge